**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Stefan Bogdanovich (State Bar No. 324525)
Daniel S. Guerra (State Bar No. 267559)
Celina D. Reynes (State Bar No. 366845)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
      sbogdanovich@bursor.com
      dguerra@bursor.com
      creynes@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DEMBINSKI, individually and on behalf of all others similarly situated,<br><br>                                            Plaintiff,<br>       v.<br><br>L.L. BEAN, INC.,<br><br>                                            Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Matthew Dembinski ("Plaintiff") brings this action on behalf of himself and all others similarly situated against L.L. Bean, Inc. ("Defendant" or "L.L.Bean"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. Defendant has nickel and dimed online purchasers on its website in violation of California's Consumer Legal Remedies Act ("CLRA").

2. Defendant operates an e-commerce website, www.llbean.com (the "Website"). Whenever a consumer visits the Website and selects an item for purchase, they are not shown the total cost upfront. Instead, consumers are quoted an artificially low price, only for Defendant to sneak in a mandatory "handling" fee (the "Fee") at the end of the purchase process.

3. By analogy, if consumers were to walk into a brick-and-mortar clothing store, see a blouse they liked listed for sale for $49.00, and take it to the checkout counter, they would expect to pay $49.00 to the store, plus sales tax to the government. If, after consumers swiped their credit card, they noticed in fine print on the credit card pad that they would also be charged an extra "Handling Fee" for the service of having the clothes rolled down the conveyor belt, they would reasonably be outraged. And yet this is exactly what Defendant does every day through its online marketplace.

4. This practice is known known as drip pricing. "Businesses engage in drip pricing by advertising products at artificially low headline price and then disclosing additional charges later in the buying process." *Harvey v. World Mkt., LLC*, No. 25-cv-01242-CRB, 2025 WL 1359066, at *1 (N.D. Cal. May 9, 2025).

5. Drip pricing has long violated California law. "California banned bait and switch in consumer transactions when it passed the Consumers Legal Remedies Act (the 'CLRA') in 1970." *Mansfield v. StockX LLC*, 802 F. Supp. 3d 1143, 1148 (N.D. Cal. 2025) (citation omitted). And "[a] common form of bait and switch is drip pricing." *Id*.

6. Although the existing provisions are clear, the California legislature "recently amended the CLRA to *directly prohibit* drip pricing." *Mansfield*, 802 F. Supp. 3d at 1148 (emphasis added). Effective July 1, 2024, California Civil Code § 1770(a)(29)(A) makes it unlawful to "[a]dvertis[e], display[], or offer[] a price for a good or service that does not include all mandatory fees or charges other than either" "[t]axes or fees imposed by a government on the transaction" or "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer."

7. Defendant's mandatory Fee is neither of these. According to the California Attorney General's Office, "[a] business can exclude shipping charges, but not handling charges. … Like any other mandatory fee or charge, a handling charge must be included in the advertised price."[1]

8. Additionally, "[t]he law is 'intended to specifically prohibit drip pricing, which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service.'"[2] "Put simply, **the price a Californian sees should be the price they pay.**"[3] That said, the legislature's recent enactment of California Civil Code §§ 1770(a)(29)(A) is not meant to suggest it was previously legal. "Advertising or listing a price that is less than what a consumer will eventually be charged is a form of deceptive advertising that also violates existing state … law."[4] The CLRA has prohibited bait and switch sales tactics for more than half a century. *Mansfield*, 802 F. Supp. 3d at 1148.

9. For these reasons, Plaintiff seeks relief in this action individually and on behalf of all other purchasers for Defendant's sales in the state of California for reasonable attorneys' costs and fees, and injunctive relief under California Civil Code §§ 1770(a)(29)(A) and 1770(a)(9).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action where there are more than 100 members and the aggregate

---

[1] OFFICE OF THE ATTORNEY GENERAL, CAL. DEP'T OF JUSTICE, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.
[2] *Id.*
[3] *Id* (emphasis in original).
[4] *Id.*

amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one member of the putative Class is a citizen of a state different from Defendant.

11. This Court has personal jurisdiction over Defendant because Defendant sells items to consumers in the state of California through its website as part of its regular course of business and collects unlawfully applied fees from Californians. Defendant targets consumers whom it knows to reside in California based on shipping information provided during checkout. Defendant also uses multiple ad networks to track website user behavior and deliver targeted ads to Californian residents, like Plaintiff.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

13. Plaintiff Matthew Dembinski is an individual consumer who, at all times material hereto, was a citizen and resident of Oakland, California.

14. Plaintiff purchased slippers (Daybreak Scuff Motif 2 Women's) from the L.L.Bean website in or around October 31, 2024, for an advertised price of $69.95. Plaintiff relied on the advertised price when deciding whether or not to make his purchase.

15. During this transaction, Plaintiff was forced to pay Defendant a "Shipping *& Handling*" fee of $15.00[5] to buy the slippers. This fee was mandatory because Plaintiff could not purchase the product from Defendant's website without paying the fee.

16. At the time Plaintiff purchased his product, he was not aware that Defendant's practices were unlawful under California Civil Code §§ 1770(a)(9) and 1770(a)(29)(A). Plaintiff was not browsing the L.L.Bean website in search of legal violations. Plaintiff was instead browsing because he sincerely intended to purchase a product, and he in fact did purchase a product.

17. The transaction flow process that Plaintiff viewed on Defendant's website was substantially similar to that depicted in this complaint.

---

[5] The illegal handling fee was bundled with a legitimate shipping fee. Discovery will reveal which portion of the "Shipping *& Handling*" fee is attributable to the illegal handling fee.

18. Defendant L.L.Bean, Inc. is a Maine corporation with its principal place of business in Freeport, Maine. Defendant offers for purchase clothing and home goods throughout the United States, including in the state of California. Defendant owns and operates the universally accessible, interactive website www.llbean.com, which accepts orders from across the United States and delivers products to all the states, including California, as part of its regular course of business.

**FACTUAL ALLEGATIONS**

*California's Honest Pricing Law*

19. Effective July 1, 2024, California enacted California Civil Code § 1770(a)(29)(A), which provides that "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than either … [t]axes or fees imposed by a government on the transaction[]" and "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical goods to the consumer[]" is unlawful.

20. Handling charges are not postage or carrier charges. According to the California Attorney General's Office, "[a] business can exclude shipping charges, but not handling charges. … Like any other mandatory fee or charge, a handling charge must be included in the advertised price."[6]

21. This prohibition is designed to protect consumers. As Senator Bill Dodd, a co-author of SB 478, stated in describing this new law: "Californians are fed up with dishonest fees being tacked on to seemingly everything … It's an underhanded trick to boost corporate profits at the expense of those who can least afford it. Our bill will end these unfair practices and put the consumer first, leveling the playing field for reputable businesses that advertise the real price up front."[7]

---

[6] OFFICE OF THE ATTORNEY GENERAL, CAL. DEP'T OF JUSTICE, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

[7] OFFICE OF THE ATTORNEY GENERAL, CALIFORNIA DEP'T OF JUSTICE, *Attorney General Bonta Calls for California Legislature to Ban Hidden Fees (AKA Junk Fees)* (May 16, 2023), https://oag.ca.gov/news/press-releases/attorney-general-bonta-calls-california-legislature-ban-hidden-fees-aka-junk (last visited Feb. 25, 2026).

22. And according to Attorney General of California Rob Bonta, "[w]e can and should stop the fleecing of consumers. We can and should stop the imbalance in the marketplace."[8]

**L.L.Bean's Hidden Fee**

23. When a consumer navigates to the Website, they are shown a homepage from which they can search for various clothing items in the store. *See* Figure 1.

*Figure 1*



24. While browsing for items, the advertised prices are shown. *See* Figure 2, next page.

*Figure 2*



---

[8] *Id.*

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED    5

25. The advertised price is also shown on the individual product pages. *See* Figure 3.

*Figure 3*



26. However, it isn't until the shopper views their cart that L.L.Bean discloses the hidden Fee—a "handling" fee—which is bundled with the legitimate Shipping fee. *See* Figure 4.

*Figure 4*



27. When a consumer clicks "CHECKOUT," they are prompted to either checkout as a guest or log in to their account. *See* Figure 5.

**Figure 5**



28. If the consumer clicks "CHECKOUT AS A GUEST," they are directed to the payment screen where they are prompted to input their Shipping Information, Billing Address, Payment Options, and Review and Place Order. *See* Figure 6.

**Figure 6**



CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                    7

29. In other words, the total price is **never** disclosed before a user reaches their cart to checkout. Thus, Defendant is "[a]dvertising, displaying, or offering a price for a good … that does not include all mandatory fees or charges" in violation of California Civil Code § 1770(a)(29)(A).

30. The Fee is mandatory because there is **no way** to purchase a product on the website without paying the Fee, unless the consumer spends enough money for the order to qualify for free Shipping & Handling.

31. The Fee is not a "[t]ax[] or other fee[] imposed by the government on the transaction." California Civil Code § 1770(a)(29)(A)(i).

32. The Fee is not a "postage or carriage charge[] that will be reasonably and actually incurred to ship the physical goods to the consumer." California Civil Code § 1770(a)(29)(A)(i). Although bundled with a legitimate Shipping fee, the Handling fee is not part of the postage or carriage charge. Discovery will reveal what percentage of the bundled "Shipping & Handling" fee is due to the handling fee. A handling fee, "[l]ike any other mandatory fee or charge … must be included in the advertised price."[9]

## CLASS ALLEGATIONS

33. **Class:** Plaintiff seeks to represent a class defined as all individuals in the state of California who purchased item(s) using Defendant's Website and paid the mandatory Fee during the three years preceding the filing of this Complaint. Excluded from the Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

34. **Subclass:** Plaintiff also seeks to represent a subclass defined as all individuals in the state of California who purchased item(s) using Defendant's Website and paid the mandatory Fee on or after July 1, 2024 (the "Junk Fee Subclass") (collectively with the Class, the "Classes"). Excluded from the Junk Fee Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

35. Members of the Classes are so numerous that their individual joinder herein is impracticable. Members of the Classes likely number in the thousands. The precise number of

---

[9] OFFICE OF THE ATTORNEY GENERAL, CAL. DEP'T OF JUSTICE, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

36. Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to, whether Defendant failed to include all mandatory fees or charges when advertising, displaying, or offering a price for the items for purchase, in violation of California Civil Code § 1770(a)(29)(A), and whether Defendant advertised goods or services with intent not to sell them as advertised, in violation of California Civil Code § 1770(a)(9). The claims of the named Plaintiff are typical of the claims of the Classes in that the named Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to include all mandatory fees or charges in the advertising, displaying, or offering a price for the items, throughout the online item purchase process.

37. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes and members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

38. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment

of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### California Civil Code § 1770(a)(29)(A)
### (On Behalf of the Junk Fee Subclass)

39. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the members of the Junk Fee Subclass against Defendant.

41. Defendant owns, operates, or controls the L.L.Bean Website, which is a place where consumers can purchase, among other things: clothing, footwear, outdoor equipment, and home goods.

42. Defendant violated California Civil Code § 1770(a)(29)(A) by "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" on the product screens depicted in this complaint.

43. Defendant's Fee is a "mandatory fee[] or charge[]" that must be paid in order to purchase the item. Cal. Civ. Code§ 1770(a)(29)(A). Plaintiff purchased slippers from Defendant in or around October 31, 2024 on Defendant's website.

44. Plaintiff and Junk Fee Subclass members were harmed because they were forced to pay Defendant's unlawfully applied Fee. Because the total cost was not disclosed to Plaintiff and Junk Fee Subclass members at the beginning of the purchase process, the resulting Fee that was applied was unlawful pursuant to California Civil Code § 1770(a)(29)(A).

45. Plaintiff and Class Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost before selecting a product for purchase from Defendant, Plaintiff and Class Members could not shop around for comparable products at other retailers like Patagonia or Land's End, to name a few. As such, Plaintiff and Class Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its Fee, Defendant was able to reduce price competition and

cause consumers like Plaintiff and Class members to overpay.

46. Plaintiff and Junk Fee Subclass members relied on Defendant's false and misleading representations that the cost of its products did not include the Fee in choosing to purchase its products.

47. On behalf of himself and members of the Junk Fee Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein and reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

### COUNT II
### California Civil Code § 1770(a)(9)
### (On Behalf of the Class)

48. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

49. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

50. Plaintiff purchased slippers from Defendant in or around October 31, 2024 from Defendant's Website.

51. Defendant violated California Civil Code § 1770(a)(9) by "[a]dvertising goods … with intent not to sell them as advertised." Specifically, Defendant advertised and expressly represented the price of their products with intent not to sell them at the advertised price.

52. As a result, Plaintiff and Class Members were harmed because they were forced to pay Defendant's unlawful Fee. This Fee was rendered unlawful by Defendant's failure to timely disclose it.

53. Plaintiff and Class Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost before selecting a product for purchase from Defendant, Plaintiff and Class Members could not shop around for comparable products at other retailers like Patagonia or Land's End, to name a few. As such, Plaintiff and Class Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its Fee, Defendant was able to reduce price competition and

1 cause consumers like Plaintiff and Class members to overpay.

2   54.   Plaintiff and Class members relied on Defendant's false and misleading representations of the advertised cost of its products in choosing to purchase its products.

55.   As detailed in the body of this Complaint, Defendant has repeatedly engaged in conduct deemed a violation of the CLRA and has made representations regarding the price of the items on its Website which are false due to the uniform imposition of the Fee described herein. Indeed, Defendant concealed the true price of the items, and the true nature of the Fee it was charging on each purchase, from Plaintiff and Class members.

56.   No reasonable consumer would expect the price advertised by Defendant to include an unlawful Fee in addition to lawful sales tax and shipping costs. *See Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 845-46 (E.D. Cal. 2024) ("Plaintiffs have sufficiently alleged [Defendant] advertises one price for its products while also surreptitiously charging a higher price by adding the Service Fee. Thus, Plaintiffs have sufficiently alleged [Defendant] advertises their goods with the intent not to sell them as advertised.").

57.   Defendant does not provide services that would lead reasonable consumers to expect the imposition of the Fee, and Defendant does not disclose the Fee anywhere before customers reach the screen depicted in Figure 4 of this complaint.

58.   Defendant willfully employed a scheme designed to advertise a price that is not the true cost of its products, and did so willfully, wantonly, and with reckless disregard for the truth.

59.   On behalf of himself and members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein and for reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Classes, prays for judgement as follows:

A.   For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

B. For an order declaring that Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D. For prejudgment interest on all amounts awarded;

E. For an order of restitution and all other forms of equitable monetary relief;

F. For injunctive relief as pleaded or as the Court may deem proper; and

G. For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  February 26, 2026                **BURSOR & FISHER, P.A**.

By:   /s/ *Stefan Bogdanovich*
            Stefan Bogdanovich

Neal J. Deckant (State Bar No. 322946)
Stefan Bogdanovich (State Bar No. 324525)
Daniel S. Guerra (State Bar No. 267559)
Celina D. Reynes (State Bar No. 366845)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
            sbogdanovich@bursor.com
            dguerra@bursor.com
            creynes@bursor.com

*Attorneys for Plaintiff*